UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA EASTEP,

       Plaintiff,

v.

WAL-MART STORES EAST, LP,

       Defendant.
_____/

Case No: 23-13239

Honorable Nancy G. Edmunds
Mag. Judge Kimberly G. Altman

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [26]**

Plaintiff Rebecca Eastep, proceeding pro se, brings this case against Defendant Wal-Mart Stores East, LP ("Wal-Mart"), alleging Defendant's negligence in maintaining its store floor caused her to fall and sustain injuries.[1] (ECF No. 8-1.) This matter is before the Court on Defendant's January 17, 2025 motion for summary judgment. (ECF No. 26.) Plaintiff has not responded to that motion. Under Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be decided without oral argument. For the reasons that follow, Defendant's motion is GRANTED.

**I.    Background**

Plaintiff fell while retrieving a Coke Zero near the checkout at Defendant's Woodhaven, Michigan location on January 19, 2022. (ECF No. 26, PageID.151.) Plaintiff alleges this fall was caused by a slippery condition on the store's floor. Plaintiff alleges Defendant caused the surface to be slippery either by its actions to create that

---

[1] Plaintiff originally brought this case in Michigan's Wayne County Circuit Court. (ECF No. 8-1.) Defendant removed the case to this Court in December 2023. (ECF No. 1.) The Court has retained jurisdiction over the matter due to the diversity of the Parties and amount in controversy. (ECF No. 9.)

1

condition or its lack of action to warn and/or remedy it. (ECF No. 8-1.) Plaintiff alleges two counts of negligence, one under a premises liability theory and the other under an ordinary negligence theory. *Id.*

## II.  Standard of Review

Because the parties are diverse and Plaintiff brought this case under Michigan law, the Court must apply Michigan substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state"); 28 U.S.C. §1332. However, "federal courts sitting in diversity apply . . . federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

Federal Rule of Civil Procedure 56(a) provides, "[t]he court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." There is a genuine dispute of material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Courts look to the applicable substantive law to determine materiality as "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will . . . preclude . . . summary judgment." *Id.* The moving party has an initial burden to inform the court of the portions of the record "which it believes demonstrate the absence of a genuine dispute of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322-23. To do so, the non-

2

moving party must present enough evidence "on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Additionally, the court "consider[s] all facts and inferences drawn therefrom in the light most favorable to the nonmovant." *City of Wyandotte v. Consol. Rail. Corp.*, 262 F.3d 581, 585 (6th Cir. 2001).

Finaly, where, as here, the non-movant has not responded to a summary judgment motion, the Court must still "review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014). However, in such a case, the Court need not "comb the record" to find evidence favoring the non-movant. *Guarino v. Brookfield Twp. Tr.*, 980 F.2d 399, 410 (6th Cir. 1992).

### III. Legal Framework for Negligence and Premises Liability Claims

Under Michigan law, "[t]o prove negligence, a plaintiff must show that the defendant owed them a duty, that the defendant breached that duty, that the plaintiff suffered harm, and that the defendant's breach was the proximate cause of plaintiff's harm." *Marion v. Grand Trunk R.R. Co.*, 15 N.W.3d 180, 184 (Mich. 2024) (citing *Schultz v. Consumers Power Co.*, 506 N.W.2d 175, 177 (Mich. 1993)). Proximate cause entails showing that "but for" Defendant's alleged negligence, Plaintiff would not have been injured as well as that Defendant's conduct was the "causation in fact," which requires showing Defendant's conduct was a "substantial factor in producing the injury." *Derbeck v. Ward*, 443 N.W.2d 812, 814 (Mich. Ct. App. 1989) (internal quotation marks omitted) (citing *Brisboy v. Fireboard Corp.*, 418 N.W.2d 650, 653 (Mich. 1988)). The Court "may decide causation as a matter of law if the plaintiff presents insufficient evidence to 'support a reasonable inference' of causation." *Demo v. Red Roof Inns, Inc.*, 274 Fed.

App'x 477, 478 (6th Cir. 2008). Under Michigan law, Plaintiff cannot satisfy this burden only by showing Defendant may have caused her injuries or where her proposed cause of an injury is mere speculation. *Id.* (citations omitted).

A precept of Michigan's premises liability law is that "landowners must act in a reasonable manner to guard against harms that threaten the safety . . . of those who enter their land." *Hoffner v. Lanctoe*, 821 N.W.2d 88, 93 (Mich. 2012). To succeed on her premises liability claim, Plaintiff must show Defendant knew or should have known of a dangerous condition at their store and that Defendant failed to fix, guard against, or warn of the condition. *Id.* at 94.

## IV. Analysis

Defendant points to several portions of the record that it claims demonstrate the absence of a genuine dispute over a material fact regarding a lack of evidence and speculation by Plaintiff as to what, if any, dangerous condition was present and could have caused her fall. (ECF No. 26.) Defendant cites to Plaintiff's testimony that she "[did not] know what it was on the Wal-Mart floor that made [her] fall," and there was nothing visible on the ground that Plaintiff could identify that caused her fall. (ECF No. 26-3, PageID.267-68.) Defendant also points to Plaintiff's testimony that, despite walking around the store for hours before the fall without issue, *id.* at 256, she did not recognize any difference on the floor in the area she fell compared to the rest of the store. *Id.* at 267.

The record reflects Plaintiff does put forth theories as to what the condition of the floor was that caused her to fall. *Id.* at 240. However, Plaintiff's testimony and the evidence before the Court do not go further than her guesses that one of several possible substances could have caused the floor to be slick. *Id.* For example, Plaintiff testified, "I

4

felt like . . . the floors had been over waxed or somebody had spilt some oil or something." *Id.* As mentioned above, speculation alone is insufficient to show causation. *Demo*, 274 Fed. App'x at 478 (6th Cir. 2008). Further, the record does not reflect what particular conduct Defendant is alleged to have done that was a "substantial factor" in causing Plaintiff's injuries. *Derbeck*, 443 N.W.2d at 814 (Mich. Ct. App. 1989). Accordingly, there is insufficient evidence to support a reasonable inference of causation between Defendant's conduct and Plaintiff's fall, and summary judgment is appropriate for Plaintiff's negligence claim. *See Demo*, 274 Fed. App'x at 478 (6th Cir. 2008).

Similarly, where Plaintiff cannot identify what made her fall and that the floor in the area she fell was the same as the rest of the store, there is insufficient evidence of a dangerous condition that Defendant knew or should have known about. *Hoffner*, 821 N.W.2d at 93 (Mich. 2012). Therefore, Plaintiff's also fails to raise a genuine issue of material fact for her premises liability claim.

## V.     Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment

.

SO ORDERED.

 s/ Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated: March 25, 2025

5

I hereby certify that a copy of the foregoing document was served upon unrepresented parties and/or counsel of record on March 25, 2025, by electronic and/or ordinary mail.

        s/ Marlena Williams
        Case Manager